**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-00606-RM-KMT

JOHN RICHARDSON,

    Plaintiff,

v.

JO ANN STOCK, P.A., in her individual capacity;
JOHN OR JANE DOE KITE COLLECTORS, in their individual capacity;
JOHN OR JANE DOE ELECTRONIC KIT LOG DOCUMENTORS, individually;
JOHN OR JANE DOE APPOINTMENT SCHEDULERS, in their individual capacity;
BEV DOWIS, R.N., H.S.A., in her individual capacity as Health Services Administrator;
LT. GILES, in his individual capacity;
SGT. OLIVERIUS, in his individual capacity;
SGT. HILL, in his individual capacity; and
SGT. LIMBREIS, in his individual capacity,

    Defendants.

___

**ORDER**
___

    This matter is before the Court on the Magistrate Judge's recommendations ("Recommendation") (ECF No. 48) on Defendants' motions to dismiss the Complaint (ECF No. 1) and Plaintiff's objections to the Recommendation (ECF No. 49). Both the Recommendation and Plaintiff's objections pertain to (1) Defendant Stock's motion to dismiss, or alternatively, motion for summary judgment (ECF No. 13); (2) Defendant Dowis' motion to dismiss (ECF No. 19); as well as (3) Defendants Giles, Oliverius, Hill, and Limbreis' (collectively, the "Officer Defendants") motion to dismiss (ECF No. 32). Plaintiff alleges that by failing to treat the onset of gangrene that resulted in the amputation of his left leg below the knee, Defendants violated his

rights under the Eighth Amendment to the United States Constitution and an unspecified state law. (ECF No. 1.)

For the reasons stated below, the Court (1) OVERRULES Plaintiff's objections; (2) ADOPTS and MODIFIES[1] the Recommendation; (3) GRANTS Defendant Stock's motion for summary judgment; (4) GRANTS, in part, Defendant Dowis' motion to dismiss; and (4) GRANTS, in part, Officer Defendants' motion to dismiss.

## I.   LEGAL STANDARDS

### A.   Review of the Magistrate Judge's Recommendation

When a magistrate judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." In conducting its review, "[t]he district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). An objection to a recommendation is proper if it is filed timely in accordance with the Federal Rules of Civil Procedure and specific enough to enable the "district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996) (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a timely and specific objection, "the district court may review a magistrate's report under any standard it deems appropriate." *Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) (citations omitted); *see also* Fed. R. Civ. P. 72 Advisory

---

[1] Magistrate Judge Tafoya recommended "dismiss[ing]" Defendant Stock. (ECF No. 48 at 25.) Because Magistrate Judge Tafoya relied upon material outside of the pleadings (*see* ECF No. 48 at 11-14), the Court construes her Recommendation as under Rule 56 of the Federal Rules of Civil Procedure. *See SEC v. Wolfson*, 539 F.3d 1249, 1264 (10th Cir. 2008) (stating that "when a motion for judgment on the pleadings is filed and 'matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment and disposed of as provided in Rule 56'") (emphasis omitted) (quoting Fed. R. Civ. P. 12(d))). To the extent such construction is not clear; the Court modifies Magistrate Judge Tafoya's Recommendation.

Committee's Note ("When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.").

### B.     Rule 12(b)(6) Motion

Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . ." *Id*. at 555 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." *Id*. A "plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . . Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original, internal citation and quotation omitted).

The Tenth Circuit Court of Appeals has held "that plausibility refers to the scope

3

of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012) (internal quotation and citation omitted). The Tenth Circuit has further noted "that the nature and specificity of the allegations required to state a plausible claim will vary based on context." *Id*. (Internal quotation and citation omitted.) Thus, the Tenth Circuit "concluded the *Twombly/Iqbal* standard is 'a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the [Supreme C]ourt stated will not do.'" *Id*. (Citation omitted.)

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the Court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in a plaintiff's favor. *Morse v. Regents of the Univ. of Colo.*, 154 F.3d 1124, 1126-27 (10th Cir. 1998) (citation omitted); *Seamons v. Snow*, 84 F.3d 1226, 1231-32 (10th Cir. 1996) (citations omitted). However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions. . . ." *Khalik*, 671 F.3d at 1190 (quoting *Iqbal*, 556 U.S. at 678). "Accordingly, in examining a complaint under Rule 12(b)(6), [the court] will disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id*.

### C. Rule 56 Motion

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp.*

4

*v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569-70 (10th Cir. 1994). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). Once the moving party meets its initial burden of demonstrating an absence of a genuine dispute of material fact, the burden then shifts to the nonmoving party to demonstrate the existence of a genuine dispute of material fact to be resolved at trial. *See 1-800-Contacts, Inc. v. Lens.com, Inc.*, 722 F.3d 1229, 1242 (10th Cir. 2013) (citation omitted). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248. The facts must be considered in the light most favorable to the nonmoving party. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013) (citations omitted).

   The Court will not consider statements of fact, or rebuttals thereto, which are not material or are not supported by competent evidence. Fed. R. Civ. P. 56(c)(1)(A), 56(e)(2), 56(e)(3). Only admissible evidence may be considered when ruling on a motion for summary judgment. *Jaramillo v. Colo. Judicial Dep't*, 427 F.3d 1303, 1314 (10th Cir. 2005) (citation omitted) (holding that hearsay evidence is not acceptable in opposing a summary judgment motion); *World of Sleep, Inc. v. La-Z-Boy Chair Co.*, 756 F.2d 1467, 1474 (10th Cir. 1985). Affidavits must be based on personal knowledge and must set forth facts that would be admissible evidence at trial. *Murray v. City of Sapulpa*, 45 F.3d 1417, 1422 (10th Cir. 1995) (quotations and citation omitted). "Conclusory and self-serving affidavits are not sufficient." *Id*. "[O]n a motion for

5

summary judgment, it is the responding party's burden to ensure that the factual dispute is portrayed with particularity, without depending on the trial court to conduct its own search of the record." *Cross v. The Home Depot*, 390 F.3d 1283, 1290 (10th Cir. 2004) (internal quotation and citation omitted). The Court is "not obligated to comb the record in order to make [Plaintiff's] arguments for [him]." *See Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1199 (10th Cir. 2000).

Further, Local Rule 7.1(e) provides that "[e]very citation in a motion, response or reply shall include the specific page or statutory subsection to which reference is made." D.C. Colo. L. Civ. R. 7.1(e).

## II.   BACKGROUND

No party objects to the Magistrate Judge's recitation of Plaintiff's factual allegations against Defendants or the case's procedural history. Accordingly, the Court adopts and incorporates the factual and procedural history included within the Recommendation as if set forth herein. (ECF No. 48 at 2-5.) Because Defendant Stock moved, in the alternative, for summary judgment as to Plaintiff's claims against her (ECF No. 13) due to Plaintiff's failure to exhaust his administrative remedies, the Court incorporates her version of properly adduced facts unless disputed with competent evidence by Plaintiff. With respect to the remaining facts, the Court, in analyzing Defendants' Rule 12(b)(6) motions, accepts Plaintiff's well-pled facts in his Complaint.

Plaintiff is a Colorado Department of Corrections ("CDOC") inmate incarcerated at Sterling Correctional Facility ("SCF"). (ECF No. 1 ¶ 4.) Plaintiff has insulin-dependent diabetes and peripheral neuropathy that affects his hands and lower legs. (ECF No. 1 ¶ 12.) Peripheral neuropathy is nerve damage associated with decreased blood flow, which can also

result in wounds not healing and gangrene. (ECF No. 1 ¶ 13.) Gangrene is a common and well-known, life-threatening risk to diabetics with peripheral neuropathy and is associated with a high risk of amputation. (ECF No. 1 ¶ 13.) Diabetics with peripheral neuropathy require regular foot care. (ECF No. 1 ¶ 13.)

On February 7, 2011, Defendant Stock took Plaintiff off his sliding-scale insulin despite noting Plaintiff's blood-sugar levels were out of control. (ECF No. 1 ¶ 14.) Each time Plaintiff was treated by medical providers outside of SCF, those providers put Plaintiff back on sliding-scale insulin to control his blood sugar levels. (ECF No. 1 ¶ 14.) On February 7, 2011, Defendant Stock noted she would follow up in three weeks with Plaintiff. (ECF No. 1 ¶ 15.) No foot care was provided or ordered for Plaintiff despite the risk of amputation from the lack of foot care for a diabetic with peripheral neuropathy in his feet. (ECF No. 1 ¶ 15.) Plaintiff has never been provided any foot care at SCF. (ECF No. 1 ¶ 17.)

Despite Plaintiff's lack of feeling in his hands due to peripheral neuropathy, which is noted in his prison records, Plaintiff had to cut his own toenails. (ECF No. 1 ¶ 18.) Plaintiff's toenails are thick with fungus and difficult to cut, as is typical in diabetics. (ECF No. 1 ¶ 18.)

Plaintiff asked SCF guards, *i.e.*, the Officer Defendants, to send him to medical, but they instead told him he had to "put in a kite"—which is a request for medical care. (ECF No. 1 ¶¶ 20-21.) Plaintiff submitted his first kite on March 16, 2011, which stated "[y]ou guys know that I am diabetic and you told me to tell medical if I am having foot problems. My foot and big toe is [sic] swollen, smelly, bruised and it hurts really bad to walk on it. Please schedule me ASAP. Thank you." No appointment was scheduled pursuant to this kite. (ECF No. 1 ¶ 23.) On March 21, 2011, Plaintiff submitted a second kite that stated, "I put in a kite last week to have my foot looked at because it smells, its swollen, its bruised, and now its leaking fluid. Inmates in the pod

give me dirty looks and tell me to take a shower, and even the staff in med line give me dirty looks. Please schedule me." (ECF No. 1 ¶ 24.) No appointment was scheduled pursuant to this kite. (ECF No. 1 ¶ 25.)

On March 24, 2011, Plaintiff submitted a "Request for Interview" with Defendant Dowis, Health Services Administrator at SCF. (ECF No. 1 ¶ 25.) Plaintiff stated

> I have put in two kites to SCF medical because my foot smells really bad. My big toe is swollen. Inmates and staff are telling me to take a shower but I do take showers and the smell gets worse. Inmate Camp says that it is not just athletes [sic] foot because it is more like rotting flesh. Can you please help me get seen.

(ECF No. 1 ¶ 26.) No appointment or interview was scheduled. (ECF No. 1 ¶ 27.)

Plaintiff went to the med line and asked for help, and was refused by the nurses. (ECF No. 1 ¶ 28.) Eventually, gas gangrene from Plaintiff's toe travelled up his leg into his thigh and groin, causing him pain. (ECF No. 1 ¶ 29.) The stench from Plaintiff's gangrenous foot caused prisoners and guards to gag and complain. (ECF No. 1 ¶ 30.) Plaintiff was still not provided access to medical care. (ECF No. 1 ¶ 30.)

On March 26, 2011, Plaintiff was called to Lieutenant Giles' office because of the stench. (ECF No. 1 ¶ 31.) The cut on his toe had started splitting and opening up. (ECF No. 1 ¶ 31.) Defendant Giles refused to send Plaintiff to medical and instead told him to go shower. (ECF No. 1 ¶ 31.)

On the way to the shower, Plaintiff's toe "exploded" and a lot of gas came out mixed with some blood and fluid. (ECF No. 1 ¶ 32.) Plaintiff's toe was split in numerous places. (ECF No. 1 ¶ 32.) Other prisoners came running to help Plaintiff. (ECF No. 1 ¶ 33.) The other prisoners carried Plaintiff under his arms back to his cell. (ECF No. 1 ¶ 33.)

8

On March 26, 2011, at approximately 9:30 p.m., Plaintiff was sent to Sterling Regional Medical Center ("SRMC"). (ECF No. 1 ¶¶ 35-36.) Physicians at SRMC performed a below-the-knee amputation of Plaintiff's left leg on March 27, 2011. (ECF No. 1 ¶ 36.)

When Plaintiff returned to SCF, he was refused a medical shoe for his remaining foot and continues to be refused foot care for his remaining foot. (ECF No. 1 ¶ 37.) Plaintiff "is still being forced to cut his own toenails with hands that do not work properly due to peripheral neuropathy." (ECF No. 1 ¶ 37.)

The CDOC has a three-step grievance process available to inmates[2]. (ECF No. 13-1, Aff. Anthony Decesaro ¶ 4; ECF No. 13-1 at 5-21.) First, an offender must file a Step 1 Grievance within 30 days after the event that gives rise to the grievance. (ECF No. 13-1, Aff. Decesaro ¶ 5.) Second, if the response to the Step 1 Grievance does not provide the inmate with the relief he seeks, the inmate must file a Step 2 Grievance within 5 days of his receipt of the response to the Step 1 Grievance. (ECF No. 13-1, Aff. Decesaro ¶ 6.) Third, if the offender is unsatisfied with the response to the Step 2 Grievance, he must file a Step 3 Grievance within 5 days of his receipt of the response to the Step 2 Grievance. (ECF No. 13-1, Aff. Decesaro ¶ 7.) The Step 3 grievance is the final step in the CDOC grievance process, and only once the inmate receives a response at this step has he exhausted his administrate remedies. (ECF No. 13-1, Aff. Decesaro ¶ 8.) If an inmate fails to timely file any grievance within the time periods provided by the

---

[2] Administrative Regulation 850-04 relied upon by Defendant Stock (*see* ECF No. 13-1) and cited by Magistrate Judge Tafoya (*see* ECF No. 48 at 11-14) has an effective date of December 5, 2012. (ECF No. 13-1 at 5-21.) Plaintiff filed a grievance on July 21, 2011. (ECF No. 15-1 at 2.) Thus, Defendant Stock and Magistrate Judge Tafoya used an inoperable administrative regulation. The Court, however, takes judicial notice, *see St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1171-72 (10th Cir. 1979), that Administrative Regulation 850-04, effective December 5, 2012 is substantially similar to Administrative Regulation 850-04 effective July 15, 2011. (*See* ECF No. 118-1 at 1-2, David M. Johnson Aff. ¶ 4 in Case No. 11-CV-02554-RM-MEH (D. Colo.); ECF No. 118-5 at 4 in Case No. 11-CV-02554-RM-MEH (D. Colo.).) Further, Plaintiff (who is represented by counsel) did not disagree with Defendant Stock's statement of fact concerning the applicability of Administrative Regulation 850-04. (*See generally* ECF No. 15.) And Plaintiff did not file an objection to Magistrate Judge Tafoya's references to the inoperable administrative regulation. (*See generally* ECF No. 49.) Thus, the Court finds that the citation to the inoperable administrative regulation was a mere technicality and Plaintiff is not prejudiced by such citation.

grievance process, he has failed to comply with the grievance procedure. (ECF No. 13-1, Aff. Decesaro ¶ 8.) Inmates with the CDOC may file grievances asserting that staff members have not properly provided medical care. (ECF No. 13-1, Aff. Decesaro ¶ 9.) Plaintiff's concerns with Defendant Stock's switching his insulin, her failure to examine his feet, and failure to follow-up three weeks subsequent to the February 7, 2011 examination are grievable issues. (ECF No. 13-1, Aff. Decesaro ¶ 9.) CDOC grievance records do not show that Plaintiff filed any grievances concerning the alleged failure to provide appropriate diabetes medications, including sliding-scale insulin, access to foot care clinics, toenail cutting, the need for a three-week follow-up appointment or any other complaints related to Defendant Stock's providing or not providing medical care to Plaintiff in February 2011 or at any other time period. (ECF No. 13-1, Aff. Decesaro ¶ 11.) Plaintiff did not complete the grievance process provided for by CDOC Administrative Regulation 850-04 with respect to his February 2011 medical treatment or lack thereof. (ECF No. 13-1, Aff. Decesaro ¶ 11.) And CDOC Administrative Regulation 850-04 provides that

> Each grievance shall address only one problem or complaint and include a description of the relief requested. Problems that arise from the same incident or set of facts shall be grieved in one grievance, even though it may involve multiple DOC employees, contract workers, or volunteers.

(ECF No. 118-5 at 4 in Case No. 11-CV-02554-RM-MEH (D. Colo.).)

On July 21, 2011, CDOC received a Step 1 grievance from Plaintiff regarding

> denial of medical care (treatment) that I submitted (2) two medical requests to medical and (1) medical request to Beverly Dowis but no appointments were ever set, which ultimately led to the amputation of my left leg below the knee after submitting medical kites for my feet to be checked my legs became so infected, I became very ill and my foot stunk (smelled) bad enough to make the pod smell and inmates to complain. I wanted to put in a grievance in at D.R.D.C. but was instructed to wait until I got back to Sterling Correctional Facility where I am assigned to do so.

(ECF No. 15-1 at 2.) Plaintiff completed the administrative process with regard to this grievance which CDOC denied. (ECF No. 15-1 at 6.)

### III.    ANALYSIS[3, 4]

The Court has reviewed the Recommendation, Plaintiff's objections, Defendants' response to Plaintiff's objections, and all relevant filings, and concludes that Magistrate Judge Tafoya's analysis of the issues as to which objections were filed was thorough and her ultimate conclusions were correct. Plaintiff did not file an objection with respect to the Magistrate Judge's recommendation to dismiss Plaintiff's claims against Defendants Hill and Limbreis. (*See generally* ECF No. 49.) Because Plaintiff failed to file a timely and specific objection to these aspects of the Recommendation and the Court finds no clear error in the Magistrate Judge's analysis, the Court adopts the Recommendation with respect to Defendants Hill and Limbreis.

---

[3] In Plaintiff's objections to the Recommendation (ECF No. 49), Plaintiff requests leave to amend his complaint. (*See* ECF No. 49 at 15, 16.) Such a request is not properly before the Court in such a procedural posture. D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document."); *see, e.g.*, *Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (a response to motion to dismiss is insufficient to be construed as request to amend a complaint).

[4] Plaintiff, in his objections to the Recommendation, submits exhibits and factual averments developed during the course of discovery. (ECF No. 49.) The Court rejects such exhibits and factual averments. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (holding that issues raised for the first time in objections to a magistrate judge's recommendation are deemed waived) (citations omitted); *Vreeland v. Fisher*, Case No. 13-CV-02422-PAB-KMT, 2014 WL 4854739, at *3 (D. Colo. Sept. 29, 2014) (holding that allegations described in an objection which are not in the complaint are not properly before the court).

### A. Defendant Stock[5]

Magistrate Judge Tafoya recommended granting Defendant Stock's motion to dismiss, or in the alternative, motion for summary judgment, due to Plaintiff's failure to exhaust his administrative remedies before suing with respect to his allegations against her. (ECF No. 48 at 11-14.) The Magistrate Judge found that Plaintiff failed to comply with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), as his grievance (ECF No. 15-1 at 2) did not provide notice to the CDOC that Defendant Stock's actions, or lack of action, were the subject of the grievance. (ECF No. 48 at 14.) Plaintiff objects to this recommendation and finding on the basis that his grievance sufficiently provided information to CDOC to investigate his grievance, including Defendant Stock's actions, or lack thereof, in relation to his medical care. (ECF No. 49 at 5-9.)

The PLRA provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Because a prison's procedural requirements define the steps necessary for exhaustion, an inmate may only exhaust by properly following all of the steps laid out in the prison's grievance

---

[5] Magistrate Judge Tafoya recommended "*dismiss[ing]* without prejudice" Plaintiff's claims against Defendant Stock. (ECF No. 48 at 14, 25 (emphasis added).) Because the Court relies upon facts adduced outside of the Complaint, the Court construes Defendant Stock's argument that Plaintiff has failed to exhaust his administrative remedies as pursuant to Rule 56 of the Federal Rules of Civil Procedure which requires a *judgment* and not dismissal. *Jones v. Bock*, 549 U.S. 199, 216 (2007) (holding that the "failure to exhaust is an affirmative defense under the PLRA, and that inmates are not required to specially plead or demonstrate exhaustion in their complaints"); *see Wolfson*, 539 F.3d at 1264; *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225-26 (10th Cir. 2007) ("The facts ordinarily pled in allegations concerning prison conditions frequently will not give a definitive answer as to whether a prisoner has completed his internal grievance process or whether he was thwarted in his attempts to do so."); *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1121 (10th Cir. 2006) (finding that a plaintiff had "explicit notice" of the defendant's moving for summary judgment where the motion's title referenced summary judgment (in the alternative) and the motion included materials outside the pleadings); (ECF Nos. 13 (noting title of motion is in the alternative for summary judgment); 50 at 2). Further, Plaintiff responded in a manner reflecting notice as to Defendant Stock's moving for summary judgment as Plaintiff had the opportunity to introduce evidence not contained in the Complaint; in fact, his response to Defendant Stock's motion referred to materials outside the Complaint. (ECF No. 15-1.)

procedure. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *see also Howard v. Waide*, 534 F.3d 1227, 1243-44 (10th Cir. 2008); *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). If a facility fails to notify inmates of the requirements of a grievance, "a grievance [will] satisf[y] § 1997e(a)'s exhaustion requirement so long as it provides prison officials with enough information to investigate and address the inmate's complaint internally." *Kikumura v. Osagie*, 461 F.3d 1269, 1284 (10th Cir. 2006), *overruled in part on other grounds as recognized in Robbins v. Oklahoma*, 519 F.3d 1242, 1246-47 (10th Cir. 2008).

Plaintiff attempts to parse his grievance to reflect more than that which it did. (ECF No. 49 at 6.) Plaintiff's Step 1 grievance, in relevant part, stated

> denial of medical care (treatment) that I submitted (2) two medical requests to medical and (1) medical request to Beverly Dowis but no appointments were ever set, which ultimately led to the amputation of my left leg below the knee after submitting medical kites for my feet to be checked my legs became so infected, I became very ill and my foot stunk (smelled) bad enough to make the pod smell and inmates to complain. I wanted to put in a grievance in at D.R.D.C. but was instructed to wait until I got back to Sterling Correctional Facility where I am assigned to do so.

(ECF No. 15-1 at 2.) Thus, Plaintiff's grievance concerned the denial of medical care related to two medical requests which were submitted to "medical" and one medical request to Beverly Dowis. (ECF No. 15-1 at 2.) While Defendant Stock's actions (or lack thereof) may have been a proximate cause of Plaintiff's eventual amputation, Plaintiff's grievance failed to provide information to CDOC to investigate Defendant Stock.

The Court agrees with Plaintiff that a grievant need not name every individual that is subject to the grievance. *Jones*, 549 U.S. at 219. CDOC Administrative Regulation 850-04 requires that

> Each grievance shall address only one problem or complaint and include a description of the relief requested. Problems that arise from the same incident or

13

> set of facts shall be grieved in one grievance, even though it may involve multiple DOC employees, contract workers, or volunteers.

(ECF No. 118-5 at 4 in Case No. 11-CV-02554-RM-MEH (D. Colo.).)  The "problem or complaint" Plaintiff sought to address, however, was the denial of medical care related to his two medical requests to "medical" and one medical request to Dowis.  (ECF No. 15-1 at 2.)[6]  Plaintiff's objection concedes the Court's holding when he argues that "[h]e asserts a claim that he was denied medical treatment resulting in the amputation of his leg provides prison medical staff sufficient notice *to investigate*."  (ECF No. 49 at 8 (emphasis added).)  This begs the question, "investigate what"?  Plaintiff's grievance (ECF No. 15-1 at 2) pointed to three specific denials of medical treatment requests, *i.e.*, Plaintiff's complaint, each of which occurred in March 2011 (ECF No. 1 ¶¶ 22-27).  Plaintiff's specific denials of medical treatment were subsequent to Defendant Stock's provision of medical care (or lack thereof) in February 2011 (ECF No. 1 ¶¶ 14-15).  Thus, the CDOC had no notice to investigate Defendant Stock or the medical care she did or did not provide to Plaintiff.

Plaintiff has presented the Court with no facts showing that he grieved Defendant Stock's actions (or lack thereof) related to his medical treatment in February 2011.  As such, no disputed fact remains as to whether Plaintiff exhausted his administrative remedies as to Defendant Stock.  Therefore, the Court overrules Plaintiff's objection to this aspect of the Recommendation and grants judgment in favor of Defendant Stock as Plaintiff failed to exhaust his administrative remedies with respect to her.

---

[6] The Court recognizes that Plaintiff may have been in a better situation to argue that he exhausted his administrative remedies had he simply asserted in his grievance something to the effect that "CDOC denied me medical treatment which resulted in the amputation of my leg."  It is not the Court's position, however, to impose its desire for administrative bodies to substantively address issues as opposed to their relying on technical formalities.

### B. Defendant Dowis

Magistrate Judge Tafoya recommended granting Defendant Dowis' motion to dismiss as to Plaintiff's Section 1983 "supervisory liability" claim against her. (ECF No. 48 at 16-17.) Magistrate Judge Tafoya found that Plaintiff's Complaint is devoid of allegations that Defendant Dowis (1) "was aware that there were deficiencies in the SCF medical clinic's 'policies'" and (2) "knew that these purported deficiencies threatened serious injury to Plaintiff or other inmates." (ECF No. 48 at 17.) Plaintiff objects to the recommendation to dismiss Plaintiff's Section 1983 supervisory liability claim against Defendant Dowis. (ECF No. 49 at 9-15.) Plaintiff's objection, in large part, fails to address the central findings of Magistrate Judge Tafoya's recommendation in this respect. (*See generally* ECF No. 49 at 9-15.) Rather, Plaintiff argues that Magistrate Judge Tafoya erred because she found that Plaintiff did "not include factual allegations suggesting that other specific inmates with peripheral neuropathy were denied preventative foot treatment in the past and suffered serious injury as a result." (ECF No. 49 at 9-10.) Plaintiff's objection is mostly directed toward dicta in Magistrate Judge Tafoya's Recommendation regarding other inmates and their medical treatment. (ECF No. 49 at 9-15.)

Under Section 1983, an individual cannot be held liable unless he or she *caused* or *participated* in an alleged constitutional violation. *Pahls v. Thomas*, 718 F.3d 1210, 1225 (10th Cir. 2013) (citing *Iqbal*, 556 U.S. at 676); *Jackson v. Grondolsky*, Case No. 09-5617, 2011 WL 13704, at *5 (D.N.J. Jan. 3, 2011) (unpublished) (holding that "personal involvement may exist only where the named defendant violated the plaintiff's rights either by executing the acts at issue himself or herself, or by directing others to violate the plaintiff's rights") (citing *Baker v. Monroe Twp.*, 50 F.3d 1186, 1190-91 (3d Cir. 1995) and *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988)). There must

be an affirmative link between the alleged constitutional violation and the defendant's own participation *or* failure to supervise. *Serna v. Colo. Dep't of Corrs.*, 455 F.3d 1146, 1151-52 (10th Cir. 2006). "[I]n all cases, a plaintiff must show that each defendant acted with the requisite state of mind." *Pahls*, 718 F.3d at 1226 (citation omitted).

In regard to supervisory liability, "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676; *accord Pahls*, 718 F.3d at 1225. Under Section 1983, a plaintiff asserting a claim of supervisory liability may proceed against a defendant-supervisor only by demonstrating: (1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Pahls*, 718 F.3d at 1225 (citing *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010)). "A plaintiff must therefore identify the specific policies over which particular defendants possessed responsibility and that led to the alleged constitutional violation." *Id.* at 1226.

The Magistrate Judge *assumed* Plaintiff's Complaint identifies a policy as to which Defendant Dowis "promulgated, created, implemented, or possessed responsibility for the continued operation of [that] policy." *See Pahls*, 718 F.3d at 1225-26 (holding that a plaintiff may proceed on a claim of Eighth Amendment supervisory liability claim only by identifying a policy that resulted in a constitutional violation and showing that a defendant possessed responsibility for such policy); (ECF No. 48 at 17 (assuming that the "purported deficiencies in the operation of the SCF clinic . . . constitute a 'policy' that Defendant Dowis created, implemented, or was responsible for. . .").) The Court, upon its *de novo* review, holds that Plaintiff fails to allege facts establishing a "policy" that Defendant Dowis created, implemented,

or for which she was responsible. (*See generally* ECF No. 1.) The purported deficiencies in diabetic foot care (ECF No. 1 ¶ 43(f)) do not constitute a policy. Rather those alleged deficiencies are the result of acts or omissions of others. Therefore, Plaintiff fails to plead a claim of supervisory liability against Defendant Dowis. *See Pahls*, 718 F.3d at 1225.

The Magistrate Judge found that "Plaintiff's Complaint is nevertheless devoid of any factual allegations raising a plausible inference Defendant Dowis knew of, and consciously disregarded, a substantial risk of harm to Plaintiff or other inmates" as a result of the policies. (ECF No. 48 at 17.) Plaintiff's factual averment, that "[u]nder [Defendant Dowis'] supervision and control, diabetics with peripheral neuropathy were and continue to be routinely denied access to preventative foot care despite the obvious substantial risk of serious injury . . ." is not sufficient to state a claim. The allegation "under her supervision and control" is conclusory and thus, not well-pled. *See Khalik*, 671 F.3d at 1190. Further, the allegation "under her supervision and control" does not attribute *knowledge* to Defendant Dowis regarding the allegedly Eighth Amendment violating policies. *See Iqbal*, 556 U.S. at 678. Plaintiff failed to plead facts, as opposed to his arguments in his objection, that show Defendant Dowis had knowledge that the "chronic care clinic with foot care [sic] was not being provided every three months." (*Compare* ECF No. 49 at 11, 14 ("Dowis . . . [was] aware of the [clinical standard]; [was] aware [that she was] required to implement it; and [was] aware it was not being implemented" with *generally* ECF No. 1.)

For these reasons, the Court overrules Plaintiff's objection as to the recommendation to dismiss his Section 1983 claim against Defendant Dowis with respect to supervisory liability.

### C. Defendant Oliverius

Magistrate Judge Tafoya recommended granting the Officer Defendants' motion to dismiss with respect to all Officer Defendants but Defendant Giles for failure to state an Eighth Amendment deliberate indifference to medical needs claim. (ECF No. 48 at 21-22.) Magistrate Judge Tafoya found that "[b]ecause Plaintiff was called into Defendant Giles' office for the specific purpose of addressing the malodor emanating from his foot . . . [the facts pled] raise a plausible inference that Defendant Giles knew of a substantial risk to Plaintiff's health." (ECF No. 48 at 22.) Plaintiff objects to the recommendation with respect to dismissing Defendant Oliverius. (ECF No. 49 at 15-16.)

The sole basis for Plaintiff's objection to this aspect of the recommendation is that "[*d*]*uring discovery*, Plaintiff learned that Defendant Oliverius as well as Defendant Giles were present in the office when [Plaintiff] was told to take shower because his foot was stinking with infection, and it was actually Defendant Oliverius who instructed Plaintiff to clean up his cell and take a shower." (ECF No. 49 at 15 (emphasis added).) The Court rejects such factual averments. *See Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996) (holding that issues raised for the first time in objections to a magistrate judge's recommendation are deemed waived) (citations omitted); *Vreeland v. Fisher*, Case No. 13-CV-02422-PAB-KMT, 2014 WL 4854739, at *3 (D. Colo. Sept. 29, 2014) (holding that allegations described in an objection which are not in the complaint are not properly before the court). Because Plaintiff did not plead facts that Defendant Oliverius was involved in the meeting where Plaintiff's stench was discussed, "his toe had started splitting and opening up," and he was "refused" medical (*see generally* ECF No. 1 ¶ 31), such a fact was not properly before the Magistrate Judge. For this reason, Plaintiff's objection is overruled.

Thus, the Court grants the Officer Defendants' motion to dismiss with respect to all Officer Defendants with the exception of Defendant Giles.

### D. Plaintiff's State Law Claim

The Magistrate Judge recommended dismissing Plaintiff's state-law claim because Plaintiff had failed to assert a cognizable claim. (ECF No. 48 at 23-24.) The Magistrate Judge found that Plaintiff's claim for "willful and wanton" conduct does not explicitly assert what specific legal right Plaintiff believes Defendants violated. (ECF No. 48 at 24.) Plaintiff does not object to this aspect of the Recommendation. (ECF No. 49 at 16.) Rather, Plaintiff "requests leave to . . . amend the second claim of his complaint." (ECF No. 49 at 16.) Plaintiff's request is not in the correct procedural posture, and is therefore denied. D.C. Colo. L. Civ. R. 7.1(d) ("A motion shall not be included in a response or reply to the original motion. A motion shall be made in a separate document."); *see, e.g.*, *Calderon v. Kan. Dep't of Social & Rehab. Servs.*, 181 F.3d 1180, 1185-87 (10th Cir. 1999) (a response to motion to dismiss is insufficient to be construed as request to amend a complaint).

### IV. CONCLUSION

Based on the foregoing, the Court:

(1) OVERRULES Plaintiff's objections to the Recommendation (ECF No. 49);

(2) ADOPTS and MODIFIES the Recommendation (ECF No. 48);

(3) GRANTS Defendant Stock's "motion to dismiss, or alternatively, motion for summary judgment" (ECF No. 13), to wit, the Court grants Defendant Stock's motion for summary judgment and directs the Clerk of the Court to enter JUDGMENT in Defendant Stock's favor and against Plaintiff;

(4) GRANTS, in part, Defendant Dowis' motion to dismiss (ECF No. 19), to wit, the Court dismisses Plaintiff's Section 1983 and state-law claims against Defendant Dowis in her supervisory capacity;

(5) DENIES, in part, Defendant Dowis' motion to dismiss (ECF No. 19), to wit, Plaintiff's Section 1983 claim against Defendant Dowis in her non-supervisory capacity remains before the Court;

(6) GRANTS, in part, Officer Defendants' motion to dismiss (ECF No. 32), to wit, the Court dismisses Plaintiff's Section 1983 and state-law claims against Defendants Oliverius, Hill, and Limbreis as well as dismisses Plaintiff's state-law claim against Defendant Giles; and

(7) DENIES, in part, Officer Defendants' motion to dismiss (ECF No. 32), to wit, Plaintiff's Section 1983 claim against Defendant Giles remains before the Court.

DATED this 13th day of January, 2015.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge